UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ELLIOT EUGENE ROLLINS,  )
                                    ) NO. CV-07-0055-LRS
                                    )
        Petitioner,      ) **ORDER DENYING**
                                    ) **§2254 PETITION**
  v.                                  )
                                    )
ADAMS, Warden,        )
                                    )
        Respondent.      )
_____ )

**BEFORE THE COURT** is the Petitioner's Petition for Habeas Corpus Relief pursuant to 28 U.S.C. Section 2254 (Ct. Rec. 1).

**I. DISCUSSION**

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. 28 U.S.C. § 2254(d).

Under Section 2254(d)(1), a state court decision is "contrary to" clearly established Supreme Court precedent if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 413 (2000). The term "unreasonable application" has a meaning independent from that

**ORDER DENYING**
**§2254 PETITION -**                **1**

of the term "contrary to." A state court's decision is an unreasonable application of clearly established Supreme Court precedent "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." *Id*. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. A federal habeas court making an "'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409. This is a "'highly deferential standard for evaluating state court rulings'" and "'demands that state court decisions be given the benefit of the doubt.'" *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003)(citations omitted).

In determining whether a state court decision is "contrary to" or an "unreasonable application" of federal law under §2254(d)(1), the federal court looks to the last reasoned state court decision as the basis for the state court judgment. *Barker v. Fleming*, 423 F.3d 1085, 1091-92 (9th Cir. 2005); *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002). In the captioned matter, the last reasoned state court decision is that rendered by the California Court of Appeal, Third Appellate District, in *People v. Rollins*, 2005 WL 2143630 (September 6, 2005). The California Supreme Court subsequently and summarily denied Petitioner's petition for review.

**A.     Request For Substitute Counsel (Ground 1)**

Petitioner first claims that the trial court unconstitutionally denied his request for substitute counsel pursuant to *People v. Marsden*, 2 Cal. 3d 118 (1970). He claims that there was such a conflict of interest between him and his attorney that he was effectively denied counsel. Petitioner presented this claim on direct appeal to the Third District Court of Appeal. The appellate court rejected the

**ORDER DENYING**
**§2254 PETITION -           2**

claim on the merits. Petitioner then presented this claim to the California Supreme Court in a petition for review. That court summarily denied review.

The state court of appeal on direct appeal summarized the relevant facts as follows:

> On August 21, 2002, defendant requested the public defender's office be removed from the case pursuant to Marsden. He argued he had been represented by the public defender's office in the past and had a prior bad experience with deputy public defender Erik Lundeberg. At the time, deputy public defender Lance Jacot was representing defendant. The judge denied the request, stating this was not grounds for him to relieve the public defender's office, as every attorney in the office was different. Defendant also complained that the public defenders were on the district attorneys' side because they work with the district attorney's office. The judge assured defendant this was not the case and frequently the relationships between public defenders and district attorneys and judges worked to a defendant's advantage. The court also twice advised defendant if he wished to represent himself he could make a motion under *Faretta.* On November 12, 2002, defendant made a second *Marsden* motion. At this point, defendant was represented by deputy public defender Eric Taylor. Defendant claimed he had not seen his attorney since the proceedings commenced and his attorney refused to make a section 995 motion for dismissal during the preliminary hearing based on destruction of evidence. The court advised defendant a section 995 motion would not be the appropriate motion to deal with destruction of evidence, and the potential failure to preserve evidence would be irrelevant to a preliminary hearing. Defendant also complained his attorney had submitted some motions rather than arguing them. The court explained it is common practice to submit on a motion when, as here, the arguments have been submitted in writing. Defendant complained he had not talked to his attorney, and his attorney had not come to see him or ask him for his "side of the story." Defense counsel noted his investigator had talked to defendant and gotten "his side of the story." The court then allowed defendant and defense counsel some time to speak privately, and defendant withdrew his *Marsden* motion. On February 3, 2003, defendant made a third request to remove the public defender's office from the case. Defendant claimed his attorney was not visiting him, had not called witnesses he felt were appropriate, had not directed the investigator to take pictures of the area where one of the allegations took place, did not obtain the videotape of defendant making a statement regarding a claim of excessive force to be used so he would not have to take the witness stand, and failed to retrieve defendant's psychological reports because he was being treated for depression and had been for the last two or three years. Defense counsel responded he had visited defendant two times and had sent his investigator out to talk with defendant as well, he intended to subpoena the doctors for trial, but not the preliminary hearing, [footnote n6 omitted] and he had not been given full names of any of the other percipient witnesses. He also indicated he did not believe the photographs would be relevant and, to the extent there was relevant information, he would be able to procure that evidence on

**ORDER DENYING
§2254 PETITION -** 3

cross-examination. Defense counsel also did not think the videotape
was relevant and that was why he had not requested it. [footnote n7
omitted] The court then denied the *Marsden* motion.

(Lodged Document 1 at 4-7.)

The state appellate court then rejected the instant claim reasoning:

Defendant was given ample opportunity on numerous occasions to
state the specific reasons for his dissatisfaction with the representation
he was receiving from the public defender's office. A defendant's
disagreement over tactics with counsel, including such issues as
whether to make certain motions, calling witnesses, directing
investigations and obtaining evidence, does not rise to the level of a
constitutional problem. (*People v. Crandell* (1988) 46 Cal.3d 833,
859-860, 251 Cal. Rptr. 227.) Nor does a period during which there is
a lack of communication between defendant and counsel establish
inadequate representation. (*Ibid.*) Defendant has not demonstrated the
trial court's ruling was an abuse of discretion.

(Lodged Document 1 at 8.)

The Sixth Amendment grants criminal defendants who can afford to retain counsel a qualified right to hire counsel of their choice. See *Wheat v. United States*, 486 U.S. 153, 159, 164 (1988); *United States v. Washington*, 797 F.2d 1461, 1464 (9th Cir.1986). A criminal defendant who cannot afford to retain counsel has no right to counsel of his own choosing. *See Wheat v. United States*, 486 U.S. 153, 159 (1988). Nor is he entitled to an attorney who likes and feels comfortable with him. *See United States v. Schaff*, 948 F.2d 501, 505 (9th Cir. 1991). The Sixth Amendment guarantees effective assistance of counsel, not a "meaningful relationship" between an accused and his counsel. *See Morris v. Slappy*, 461 U.S. 1, 14 (1983).

The denial of a motion to substitute counsel implicates a defendant's Sixth Amendment right to counsel and is properly considered in federal habeas. *See Bland v. California Dep't of Corrections*, 20 F.3d 1469, 1475 (9th Cir.), *cert. denied*, 513 U.S. 947 (1994), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir.2000). The ultimate inquiry in a federal habeas proceeding is whether the petitioner's Sixth Amendment right to counsel was violated. *Cf. Schell v. Witek*, 218 F.3d 1017, 1024-25 (9th Cir.2000) (en banc). That is, the habeas

**ORDER DENYING**
**§2254 PETITION -** 4

court considers whether the trial court's denial of the motion "actually violated [petitioner's] constitutional rights in that the conflict between [petitioner] and his attorney had become so great that it resulted in a total lack of communication or other significant impediment that resulted in turn in an attorney-client relationship that fell short of that required by the Sixth Amendment." *Id*. at 1026.

This court concludes that the trial court reasonably determined Petitioner and his trial counsel could still pursue the case in a meaningful manner notwithstanding Petitioner's seemingly minor complaints. The state appellate court also reasonably recognized that the record did not support Petitioner's claims that his trial counsel failed to effectively represent him. The state court properly found that the relationship between Petitioner and his trial counsel did not deteriorate to the point that Petitioner's Sixth Amendment right to counsel was violated.

This court concludes that Petitioner's 6th Amendment argument is without merit. This court further finds the Court of Appeal's finding in this regard was not contrary to, and did not involve an unreasonable application of, clearly established law as determined by the Supreme Court of the United States. Petitioner is not entitled to habeas relief under Ground 1.

**B.      Self-Representation  (Ground 2)**

In his second claim, Petitioner asserts that the trial court abused its discretion in denying his motion for self-representation. Petitioner presented this claim on direct appeal to the Third District Court of Appeal. (Lodged Document 1.) The appellate court rejected the claim on the merits. Id.   Petitioner also presented this claim to the California Supreme Court in a petition for review. (Lodged Document 2.) That court summarily denied review. (Lodged Document 3.)

The state appellate court denied the instant claim on the grounds that Petitioner did not make a timely request to represent himself. The state appellate court reasoned:

**ORDER DENYING**
**§2254 PETITION -**                          5

> 'Although a defendant has a federal constitutional right to represent himself (*Faretta v. California[, supra,*] 422 U.S. 806 [45 L. Ed. 2d 562]), in order to invoke the right he must assert it within a reasonable time before the commencement of trial. [Citations.] A motion made after this time is addressed to the sound discretion of the trial court, which should consider such factors as the quality of counsel's representation of the defendant, the defendant's prior proclivity to substitute counsel, the reasons for the request, the length and stage of the proceedings, and the disruption or delay that might reasonably be expected to follow the granting of such a motion. [Citation.]' (*People v. Marshall* (1996) 13 Cal.4th 799, 827.) We review this issue of timeliness for an abuse of discretion. (*People v. Clark* (1992) 3 Cal.4th 41, 98.) 'The requirement of timeliness is to avoid unjustifiable delay or disruption of orderly court proceedings.' (*People v. Ruiz* (1983) 142 Cal. App. 3d 780, 791, 191 Cal. Rptr. 249; *cf. People v. Burton* (1989) 48 Cal.3d 843, 852, 258 Cal. Rptr. 184.) In this case, as in *Ruiz*, 'the manner in which the [*Faretta*] motion was brought and the reasons for making it show that disagreements had developed between [defendant] and his attorney over investigative efforts and trial tactics.' (*People v. Ruiz, supra*, at p. 791.) The trial court correctly found that defendant's *Faretta* motion was untimely because it was made on the day trial was scheduled to begin. (*See, e.g., People v. Clark, supra*, 3 Cal.4th at p. 99; *People v. Burton, supra*, 48 Cal.3d at p. 852; *People v. Moore* (1988) 47 Cal.3d 63, 79-81, 252 Cal. Rptr. 494; *People v. Scott* (2001) 91 Cal.App.4th 1197, 1205. "Defendant's *Faretta* motion on the [day] of trial [about five] months after counsel had been appointed was not made within a '"reasonable time prior to the commencement of trial."' [Citation.]' (*People v. Frierson* (1991) 53 Cal.3d 730, 742, 280 Cal. Rptr. 440.) Public defender Taylor first appeared on defendant's behalf on September 9, 2002, and February 3, 2003, defendant appeared in court on six separate occasions. He had concerns about his attorney's representation of him as early as November 12, 2003, as evidenced by his *Marsden* motion. He appeared in court on three separate occasions following that motion. Furthermore, the court had just heard defendant's *Marsden* motion and, in that context, was able to evaluate defendant's complaints and counsel's performance. Moreover, based on defendant's particular complaints about his attorney, a continuance would have been a practical necessity to allow defendant to 'remedy the alleged shortcomings of counsel's prepared defense.' (*People v. Ruiz, supra*, 142 Cal. App. 3d at p. 791.) The denial of the motion was not an abuse of discretion.

(Lodged Document 1 at 9-10.)

This court finds that the state court decisions were not an objectively unreasonable application of *Faretta*, the only controlling United States Supreme Court opinion. *Hirshfield v. Payne*, 420 F.3d 922, 926 (9th Cir. 2005). Had the trial court granted Petitioner's request to represent himself on the day of trial, the result would have been a substantial and unjustified delay. "The requirement of timeliness is to avoid unjustifiable delay or disruption of orderly court

proceedings." *People v. Ruiz,* 142 Cal.App.3d 780, 791 (1983); *People v. Burton* 48 Cal.3d 843, 852 (1989) . The timing of Petitioner's request to represent himself in this case did not exist in *Faretta,* the latter request being well before the date of trial. As such, the state court's denial of this claim was not contrary to nor an unreasonable application of *Faretta.* Petitioner is not entitled to habeas relief under Ground 2.

### C. Inquiry Into Petitioner's Mental Competence/Ineffective Assistance of Counsel (Ground 3)

Petitioner, in his third claim, argues that the trial court should have, *sua sponte*, inquired into his mental state. Petitioner contends that there was evidence to show that he was contemplating suicide, and this should have triggered an inquiry into his mental state. Petitioner alternatively argues his counsel was ineffective for failing to bring this issue to the trial court's attention. Petitioner presented this claim on direct appeal to the Third District Court of Appeal. (Lodged Document 1.) The appellate court rejected the claim on the merits. Id. Petitioner also presented this claim to the California Supreme Court in a petition for review. (Lodged Document 2.) That court summarily denied review. (Lodged Document 3.)

In denying this claim, the court of appeal reasoned:

> 'A defendant who, as a result of mental disorder or developmental disability, is "unable to understand the nature of the criminal proceedings or to assist counsel in the conduct of a defense in a rational manner," is incompetent to stand trial. (§ 1367.) When the accused presents substantial evidence of incompetence, due process requires that the trial court conduct a full competency hearing. [Citation.] Evidence is "substantial" if it raises a reasonable doubt about the defendant's competence to stand trial. [Citation.] The court's duty to conduct a competency hearing arises when such evidence is presented at any time "prior to judgment." [Citations.]' (*People v. Jones* (1991) 53 Cal.3d 1115, 1152-1153, 282 Cal. Rptr. 465.) 'The trial judge's ruling regarding whether a competency hearing is required should be given great deference. "An appellate court is in no position to appraise a defendant's conduct in the trial court as indicating insanity, a calculated attempt to feign insanity and delay the proceedings, or sheer temper." [Citations.] [P] Additionally, we have

**ORDER DENYING
§2254 PETITION -** 7

noted that "'more is required to raise a doubt [of competence] than mere bizarre actions [citation] or bizarre statements [citation]. . . or psychiatric testimony that defendant is immature, dangerous, psychopathic, or homicidal or such diagnosis with little reference to defendant's ability to assist in his own defense [citation].'" [Citation. ] [P] Applying these principles to the record before us, we cannot say as a matter of law that the evidence raised a reasonable doubt as to defendant's mental competence. As previously noted, a defendant is mentally incompetent "if, as a result of mental disorder or developmental disability, the defendant is unable to understand the nature of the criminal proceedings or to assist counsel in the conduct of a defense in a rational manner." (§ 1367, italics added.)' *People v. Danielson* (1992) 3 Cal.4th 691, 727, overruled on other grounds in *Price v. Superior Court* (2001) 25 Cal.4th 1046, 1069, fn. 13.) Evidence defendant may have attempted suicide and was receiving treatment for depression may have been evidence he had psychological problems. It was not, however, substantial evidence he was unable to understand the nature of the proceedings or to cooperate with his counsel. Defendant's statements in the context of the *Marsden* hearings also demonstrate he was able to 'understand the nature of the criminal proceedings or to assist counsel in the conduct of a defense in a rational manner.' (§ 1367.) He mentioned possible witnesses, potential areas of investigation, a possible videotape, doctor's interviews, 995 motions, destruction of evidence and failure to preserve evidence and prior psychological reports. Although the court was not persuaded he needed new counsel, defendant clearly articulated his complaints with his attorney on three separate accessions and also clearly articulated his reasons for wanting to represent himself.

Also, 'in determining whether there is substantial evidence of incompetence, a court must consider all of the relevant circumstances, including counsel's opinion. *(People v. Howard* (1992) 1 Cal.4th 1132, 1164.)' (*People v. Castro* (2000) 78 Cal.App.4th 1402, 1415.) Here, counsel not only had the opportunity to have discussions with defendant and observe his conduct and demeanor, he also spoke with other attorneys who had represented defendant in other matters. All of the attorneys agreed, while there were some mental issues, they did not rise to the level of legal incompetence to stand trial. In light of the entire record, we conclude the court was not required to order a formal competency hearing. Defendant also claims counsel was ineffective in failing to initiate competency proceedings. To prevail on a claim of ineffective assistance of counsel, defendant must establish his attorney's representation fell below professional standards of reasonableness and must affirmatively establish prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L. Ed. 2d 674, 693]; *People v. Hart* (1999) 20 Cal.4th 546, 623-624; *People v. Fosselman* (1983) 33 Cal.3d 572, 584, 189 Cal. Rptr. 855.) If the defendant's showing is insufficient as to one component of this claim, we need not address the other. (*Strickland v. Washington*, supra, 466 U.S. at p. 697.) As above, at the time the decision was made prior to trial, there was not substantial evidence defendant was legally incompetent to stand trial. Because there was not substantial evidence defendant was incompetent, counsel was not ineffective for failing to request a competency hearing. n9

**ORDER DENYING  
§2254 PETITION -** 8

```
- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -
n9 Defendant notes counsel requested a competency hearing after the
trial and uses that as a reason counsel should have requested one
before trial. However, there was new information after trial.
Specifically, on the day following the verdict, defendant had
apparently inflicted wounds on his wrists, which led defense counsel
to question his competence.
- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -
```
(Lodged Document 1 at 11-14.)

"Competence is defined as the ability to understand the proceedings and to assist counsel in preparing a defense. *See Dusky v. United States*, 362 U.S. 402, 402, 4 L. Ed. 2d 824, 80 S. Ct. 788 (1960) (*per curiam*); *see also Godinez v. Moran*, 509 U.S. 389, 396, 125 L. Ed. 2d 321, 113 S. Ct. 2680 (1993)." *United States v. Howard*, 381 F.3d 873, 878 (9th Cir. 2004). Here, the state appellate court applied California Penal Code section 1367, the state's codification of the *Dusky* standard. The state appellate court found that the trial court reasonably found that all the available evidence showed only that Petitioner may have been depressed. The state appellate court then reasonably found that the evidence did not rise to a level that indicated Petitioner could not understand the proceedings or assist his counsel with the defense. Contrary to Petitioner's suggestion, suicidal inclinations and depression do not equal incompetence.

For the same reason, Petitioner fails to show deficient performance and prejudice under *Strickland*. Petitioner's trial counsel reasonably refrained from making a motion to determine whether Petitioner was incompetent at trial based solely on depression evidence. In addition, Petitioner cannot show that the result of the proceeding would be any different as Petitioner's trial counsel did make a motion under California Penal Code section 1367 after trial based on new evidence, and that motion was denied. If a section 1367 motion based on more information did not succeed after trial, the same motion with less supporting information at trial certainly would not have succeeded.

The state appellate court on direct appeal summarized the relevant trial court proceedings as follows:

**ORDER DENYING**
**§2254 PETITION -** 9

> During the *Faretta* hearing, the court asked defense counsel if there had been a section 1368 proceeding in any of the cases. Defense counsel responded, 'No. I've contemplated it several times, and I've talked to other people who have represented [defendant] on several occasions. And the consensus of opinion is, while we agree there's mental health issues, I don't think it rises to the level of incompetence. However, there's definitely something there. I don't know that -- I don't think it rises to 1368 level though.'

(Lodged Document 1 at 10.)

At the time the decision was made prior to trial, there was not substantial evidence defendant was legally incompetent to stand trial. Because there was not substantial evidence defendant was incompetent, counsel was not ineffective for failing to request a competency hearing.

This court finds the state court's denial of this claim was correct. The denial was not contrary to, nor an unreasonable application of, *Dusky* or *Strickland*. Therefore, this claim must be denied. 28 U.S.C. section 2254(d)(1).

### D. Exculpatory Evidence in Correctional Officers' Employment Files (Ground 4)

Petitioner claims he was denied his due process right to discover exculpatory information in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Petitioner implies that there may have been exculpatory information in the victim correctional officers' employment files. Petitioner implies that this alleged information may prove some sort of bias. Petitioner presented this claim on direct appeal to the Third District Court of Appeal. (Lodged Document 1.) The appellate court rejected the claim on the merits. Id. Petitioner also presented this claim to the California Supreme Court in a petition for review. (Lodged Document 2.) That court summarily denied review. (Lodged Document 3.)

The state appellate court on direct appeal summarized the relevant trial court proceedings as follows:

> Defendant requests this court examine the material provided to the trial court pursuant to defendant's *Pitchess/Brady* motion and reverse his convictions if the trial court erred in failing to order disclosure of relevant material. 'A trial court's ruling on a motion for access to law

**ORDER DENYING**
**§2254 PETITION -**            **10**

> enforcement personnel records is subject to review for abuse of discretion. (*Pitchess v. Superior Court[, supra,*] 11 Cal.3d [at p.] 535.)' (*People v. Hughes* (2002) 27 Cal.4th 287, 330.) As is customary, the records have been made part of the appellate record, but sealed, and appellate counsel for defendant has not been permitted to view them. (See Cal. Rules of Court, rule 31.2(b).) We have independently examined the materials *in camera*, and conclude the trial court did not abuse its discretion in refusing to disclose the contents of the officers' personnel files. (*See People v. Hughes*, *supra*, 27 Cal.4th at p. 330.)

(Lodged Document 1 at 14-15.)

United States Supreme Court cases following *Brady* clearly established that the defendant must prove three elements in order to show a *Brady* violation. First, the evidence at issue must be favorable to the accused, because it is either exculpatory or impeachment material. *See United States v. Bagley*, 473 U.S. 667, 676 (1985). Second, the evidence must have been suppressed by the State, either willfully or inadvertently. *See United States v. Agurs*, 427 U.S. 97, 110 (1976). Third, prejudice must result from the failure to disclose the evidence. *See Bagley*, 473 U.S. at 678; *see also United States v. Howell*, 231 F.3d 615 (9th Cir. 2000).

Petitioner's claim fails under the *Brady* factors. Petitioner cannot show any exculpatory information exists. Petitioner could not meet the preliminary showing at trial that exculpatory information existed. Petitioner has had more than a year since he was convicted to bolster his claim that there was exculpatory information, yet he is no closer to showing that exculpatory information exists.[1] Finally, Petitioner can show no prejudice. As Petitioner can show no exculpatory information exists, Petitioner cannot show what effect the evidence could have had on his trial.

---

[1] This court gives deference to the state court's determination regarding exculpatory evidence in the officers' personnel files based upon *in camera* inspection.

**ORDER DENYING**
**§2254 PETITION -             11**

Petitioner has not established a basis for his claim that the files contained material evidence. Without a preliminary showing that the employment files contained exculpatory information, the state court's denial of this claim was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent. *Harrison v. Lockyer*, 316 F.3d 1063, 1066 (9th Cir.2003). Petitioner is not entitled to habeas relief under Ground 4.

## II. CONCLUSION

For the foregoing reasons, Petitioner's §2254 Petition (Ct. Rec. 1) is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this order and forward a copy to the Petitioner and to counsel for the Respondent. Judgment shall be entered accordingly.

**DATED** this 30th day of April, 2009.

*s/Lonny R. Suko*
LONNY R. SUKO
United States District Judge